IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Marcus A. Blair, #329604, ) | Civil Action No.: 5:20-cv-02548-JMC |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Director Bryan Sterling, Gov Henry ) | |
| McMaster, and Warden Terrie Wallace, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Marcus A. Blair, proceeding pro se,[1] filed this civil rights action against Defendants Director Bryan Sterling, Gov[ernor] Henry McMaster, and Warden Terrie Wallace (collectively "Defendants") pursuant to 42 U.S.C. § 1983 seeking immediate release from the South Carolina Department of Corrections ("SCDC") and monetary damages based on Defendants' alleged failure to provide appropriate medical care and properly handle the COVID-19 pandemic in the SCDC.[2] (*See* ECF No. 20.)

---

[1] "Because he is a pro se litigant, Plaintiff's pleadings are construed liberally by the court and held to a less stringent standard than attorneys' formal pleadings." *Simpson v. Florence Cty. Complex Solicitor's Office*, Civil Action No.: 4:19-cv-03095-JMC, 2019 WL 7288801, at *2 (D.S.C. Dec. 30, 2019) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). "This, however, 'does not transform the court into an advocate' for Plaintiff; the court is not required to recognize Plaintiff's claims if there is clearly no factual basis supporting them." *Id.* (quoting *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990)).

[2] "The COVID-19 pandemic, also known as the coronavirus pandemic, is an ongoing pandemic of coronavirus disease 2019 ('COVID-19') caused by severe acute respiratory syndrome coronavirus 2 (SARS-CoV-2)." *COVID-19 pandemic*, https://en.wikipedia.org/wiki/COVID-19_pandemic #cite_note-auto-5 (last visited Dec. 4, 2020). The COVID-19 virus is primarily spread "from person to person through small droplets from the nose or mouth, which are expelled when a person with COVID-19 coughs, sneezes, or speaks." *WHO*, https://www.who.int/emergencies/diseases /novel-coronavirus-2019/question-and-answers-hub/q-a-detail/q-a-coronaviruses (last visited May 7, 2020). On January 30, 2020, the World Health Organization ("WHO") declared that an outbreak of coronavirus 2 (SARS-CoV-2) was a Public Health Emergency of International Concern and further declared it was a pandemic on March 11, 2020. *WHO*, https://www.who.

1

This matter is before the court on Governor Henry McMaster's Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 33.) In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(g) (D.S.C.), the matter was referred to a United States Magistrate Judge for pretrial handling. On March 5, 2021, the Magistrate Judge issued a Report and Recommendation (ECF No. 53) recommending that the court dismiss the action against Governor McMaster with prejudice for failure to prosecute pursuant to Rule 41(b). (*Id.* at 2.) For the reasons set forth below, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation and dismisses the action against Governor McMaster with prejudice.

## I.    BACKGROUND

On July 8, 2020, Blair initiated the instant action in this court against Defendants by filing a form Complaint for Violation of Civil Rights, which alleged putative class claims. (*See* ECF No. 1.) A day later, on July 9, 2020, the court issued an Order advising Blair that "he may not bring []his case as a class action or litigate on behalf of other persons" and required him to submit a new complaint. (ECF No. 10 at 1, 2.) On August 12, 2020, Blair filed a second form Complaint for Violation of Civil Rights alleging individual claims against Defendants. (ECF No. 20.) On October 13, 2020, Governor McMaster filed a Motion to Dismiss asserting that Blair "makes no specific factual allegations supporting his denial or delay of medical care claim against Governor McMaster." (ECF No. 33-1 at 4.)

On October 16, 2020, the court entered a *Roseboro* Order advising Blair that he had thirty-one (31) days to respond to Governor McMaster's Motion to Dismiss. (ECF No. 36 at 1.) After Blair failed to file a response to Governor McMaster's Motion to Dismiss, the court entered an

---

int/news-room/detail/30-01-2020-statement-on-the-second-meeting-of-the-international-health-regulations-(2005)-emergency-committee-regarding-the-outbreak-of-novel-coronavirus-(2019-ncov) (last visited Dec. 4, 2020).

Order on February 4, 2021, observing that Blair "does not oppose the Motion [to Dismiss] and wishes to abandon this action against the Defendant Gov. Henry McMaster." (ECF No. 49 at 1.) Thereafter, on March 5, 2021, the Magistrate Judge issued the aforementioned Report recommending that the court dismiss the action against Governor McMaster. (ECF No. 53 at 2.)

## II.     LEGAL STANDARD

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court reviews de novo only those portions of a magistrate judge's report and recommendation to which specific objections are filed, and reviews those portions which are not objected to for clear error, including those portions to which only "general and conclusory" objections have been made. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

## III.     ANALYSIS

A.     <u>The Magistrate Judge's Review</u>

In the Report, the Magistrate Judge referenced factors relevant to the court's consideration of a dismissal under Rule 41(b). (*See* ECF No. 53 at 2 ("noting that a court deciding whether to dismiss a case under Fed. R. Civ. P. 41(b) must balance the policy of deciding cases on their merits against 'sound judicial administration.' In so doing, the court must weigh: 1) plaintiff's responsibility for failure to prosecute, 2) prejudice to defendant from delay, 3) history of delay, and 4) effectiveness of lesser sanctions." (citing *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir.

1978))).)  In this regard, after considering the *Davis* factors, the Magistrate Judge recommended that the court dismiss the action against Governor McMaster with prejudice for failure to prosecute pursuant to Rule 41(b).

B.     No Objections by Blair

The Magistrate Judge advised the parties of their right to file specific written objections to the Report within fourteen (14) days of the date of service or by March 19, 2021.  (ECF No. 53-1 at 1 (citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)).)  However, none of the parties filed any objections before the deadline.

In the absence of a timely objection to the Magistrate Judge's Report, the court is not required to provide an explanation for adopting the recommendation.  *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).  Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting an advisory committee note on Fed. R. Civ. P. 72).  Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation.  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985).

After conducting a thorough review of the Report and record in this case, the court concludes that the Report provides an accurate summary of the facts and law and does not contain any clear error.  Therefore, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 53), and **DISMISSES WITH PREJUDICE** the Complaint (ECF No. 20) against Defendant Governor Henry McMaster in this action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  Governor McMaster's pending Motion to Dismiss (ECF No.

4

33) is **DENIED AS MOOT**.

      **IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

May 11, 2021
Columbia, South Carolina