# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | |
|---|---|
| Marcus A. Blair, #329604, ) | Civil Action No.: 5:20-cv-02548-JMC |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Director Bryan Sterling and ) | |
| Warden Terrie Wallace, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Marcus A. Blair ("Plaintiff"), proceeding pro se and *in forma pauperis*, filed this civil rights action against Defendants Director Bryan Sterling and Warden Terrie Wallace (collectively "Defendants") pursuant to 42 U.S.C. § 1983 seeking immediate release from the South Carolina Department of Corrections ("SCDC") and monetary damages based on Defendants' alleged failure to provide appropriate medical care and properly handle the COVID-19 pandemic in the SCDC.[1] (*See* ECF No. 20.)

This matter is before the court on Defendants' Motion for Summary Judgment. (ECF No. 58.) In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(g) (D.S.C.), the matter was referred to a United States Magistrate Judge for pretrial handling. (ECF No. 10 at 1.) On June 22, 2021, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that the court dismiss the action against Defendants with prejudice for failure to prosecute pursuant to Rule 41(b). (ECF No. 68.) For the reasons set forth below, the court **ACCEPTS** the Magistrate Judge's Report and dismisses the action against Defendants with prejudice.

---

[1] Plaintiff's Complaint against Henry McMaster (ECF No. 20) was dismissed with prejudice on May 11, 2021 (ECF No. 63).

I.      BACKGROUND

On July 8, 2020, Plaintiff initiated the instant action in this court against Defendants by filing a form Complaint for Violation of Civil Rights, which alleged putative class claims.  (*See* ECF No. 1.)  A day later, on July 9, 2020, the court issued an Order advising Plaintiff that "he may not bring this case as a class action or litigate on behalf of other persons" and required him to submit a new complaint.  (ECF No. 10 at 1, 2.)  On August 12, 2020, Plaintiff filed a second form Complaint for Violation of Civil Rights alleging individual claims against Defendants.  (ECF No. 20.)

Defendant Henry McMaster filed a Motion to Dismiss for Failure to State a Claim on October 13, 2020. (ECF No. 33.) The court then entered a *Roseboro* Order on October 16, 2020, which gave Plaintiff thirty-one (31) days to file materials in opposition to McMaster's Motion for Summary Judgment. (ECF No. 36 at 1.) Plaintiff's case against Henry McMaster was dismissed with prejudice on May 11, 2021. (ECF No. 63.)

On March 23, 2021, Defendants filed a Motion for Summary Judgment. (ECF No. 58.) The court entered a second *Roseboro* Order on March 25, 2021, advising Plaintiff that he had thirty-one (31) days to respond to Defendants' Motion for Summary Judgment. (ECF No. 59 at 1.) On May 19, 2021, the court directed Plaintiff to inform the court whether he wished to proceed with his complaint and to file a response to Defendants' Motion for Summary Judgment in thirty-one (31) days. (ECF No. 66 at 1.) Plaintiff did not respond to Defendants' Motion for Summary Judgment (ECF No. 68 at 1), and the Magistrate Judge entered a Report recommending that the court dismiss Plaintiff's action with prejudice for failure to prosecute. (*Id.* at 2.)

II.     LEGAL STANDARD

The Magistrate Judge makes only a recommendation to this court.  The recommendation

has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court reviews *de novo* only those portions of a magistrate judge's report and recommendation to which specific objections are filed, and reviews those portions which are not objected to for clear error, including those portions to which only "general and conclusory" objections have been made. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

### III.  ANALYSIS

In the Report, the Magistrate Judge referenced factors relevant to the court's consideration of a dismissal under Rule 41(b). (*See* ECF No. 68 at 1–2 ("noting that a court deciding whether to dismiss a case under Fed. R. Civ. P. 41(b) must balance the policy of deciding cases on their merits against 'sound judicial administration.' In so doing, the court must weigh: 1) plaintiff's responsibility for failure to prosecute, 2) prejudice to defendant from delay, 3) history of delay, and 4) effectiveness of lesser sanctions." (citing *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978))).) In this regard, after considering the *Davis* factors, the Magistrate Judge recommended that the court dismiss the action with prejudice for failure to prosecute pursuant to Rule 41(b).

The Magistrate Judge advised the parties of their right to file specific written objections to the Report within fourteen (14) days of the date of service. (ECF No. 68-1 at 1). However, none of the parties filed any objections before the deadline.

In the absence of a timely objection to the Magistrate Judge's Report, the court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court

need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting an advisory committee note on Fed. R. Civ. P. 72). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

After conducting a thorough review of the Report and record in this case, the court concludes that the Report provides an accurate summary of the facts and law and does not contain any clear error. Therefore, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 68), and **DISMISSES WITH PREJUDICE** the Complaint (ECF No. 20) against Defendants in this action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The court **DENIES AS MOOT** Defendants' Motion for Summary Judgment. (ECF No. 58.)

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

October 20, 2021
Columbia, South Carolina